[No. 25081. Department Two. December 21, 1934.]

W. Z. COLLINS *et al., Appellants,* v. EMMA LARSON, *Respondent.*[1]

*Fred M. Bond,* for appellants.

*James A. Stinson* and *Arthur L. Generaux,* for respondent.

[1]Reported in 38 P. (2d) 1057.

GERAGHTY, J.—By this action, plaintiffs, husband and wife, sought to recover from the defendant an alleged balance due upon the purchase price of a half interest in certain motor equipment, with a certificate of public convenience and necessity, owned by them and used in the operation of a transportation line between Chehalis and Morton, in Lewis county. The complaint alleged an oral agreement by the defendant to purchase from the plaintiffs the half interest in the business for ten thousand dollars, $4,816.55 of which had been paid in cash by the defendant, and that there was due and owing from her to the plaintiffs the balance of the purchase price.

In her answer, the defendant admitted the agreement to purchase and the partial payment, but denied that she had agreed to pay ten thousand dollars, or any sum in excess of five thousand dollars. By way of affirmative defense and cross-complaint, she alleged that she had been induced to purchase the interest in the business by false and fraudulent representations made to her by the plaintiff, Ada Collins, respecting the profits of the business and value of the property, and she prayed for judgment against the plaintiffs in the amount already paid upon the contract.

The case was twice tried to a jury. On the first trial, a verdict was returned in favor of the plaintiffs for the full amount asked. On motion of defendant, the verdict was set aside and a retrial ordered. On the second trial, the jury disagreed and was discharged. Subsequent to this, the plaintiffs moved the court to strike the cause from the jury calendar and itself decide the case on the evidence already introduced and render such judgment as, in its opinion, should be just between the parties. The defendant having consented that the motion be heard without formal argument, the court made the order striking the case from the

jury calendar. This order was entered January 24, 1934.

After the entry of the order striking the case from the jury calendar, the court made formal findings of fact and conclusions of law, in which it found that the defendant had agreed to purchase from the plaintiffs the half interest in the stage line for the sum of five thousand dollars, as contended by the defendant; that $4,816.55 had been paid upon the purchase price, and that there was due the plaintiffs the sum of $183.45; that, at the time the agreement was made, there were outstanding two chattel mortgages upon the personal property involved, one in the sum of $2,500, and the other in the sum of $1,200, and that the plaintiffs had agreed to pay and discharge these chattel mortgages and turn the undivided half interest in the property over to the defendant free from debt upon payment by her of the full purchase price; that, from the moneys paid to plaintiffs by the defendant, they had satisfied the $2,500 mortgage, but that the one for $1,200 was still outstanding and unpaid.

The court found that, upon the discharge of the last mentioned mortgage, the plaintiffs would be entitled to receive from the defendant the balance of the agreed consideration, together with interests and costs of suit; that the period of four months from the date of the entry of the findings and judgment thereon was a reasonable time to be allowed the plaintiffs within which to cause the mortgage to be discharged and satisfied of record, and that, upon the filing by the plaintiffs in the office of the clerk of the court of a satisfaction of the mortgage, the judgment to be entered should become effective; but that, should the plaintiffs decline or fail to so file a satisfaction of the mortgage within the time prescribed, then the plaintiffs

were to recover no sum against the defendant in the action. The court found against the defendant on the issues raised by her cross-complaint. Judgment was entered in accordance with these findings, and the plaintiffs appeal.

The sum agreed to be paid by the respondent to the appellants is the sole issue of fact raised by this appeal. The respondent having accepted the judgment, no question arises on the court's finding against her on the allegations of her cross-complaint. Neither is any question presented as to the trial court's procedure in assuming the decision of the case without a jury. The appellants by their motion invited the action, and the respondent, having taken no appeal, is not in a position to complain.

The agreement sued upon was oral. The testimony of the witnesses for the parties was conflicting and irreconcilable. The case is peculiarly one where the findings of the trial court upon the facts are to be given great weight, and unless the evidence is found clearly to preponderate against its findings, they should not be disturbed. All negotiations in relation to the agreement were had between the respondent and appellant Ada Collins. They were both members of the same religious organization, and it appears that most of their negotiations were had while they were in attendance upon, or going to or from meetings of, their church. The respondent insisted that she could not become associated with the appellant husband, W. Z. Collins, because he was not a member of the church, and the understanding was that his interest in the property was to be conveyed to the wife, doubtless to insure religious harmony in the conduct of the business. On the whole, the experienced trial judge, who saw the witnesses, was much

better able to arrive at the truth than we can possibly be from a reading of the typewritten record.

█ The appellants introduced evidence intended to show that the property involved had a value in excess of the price which they contend the respondent agreed to pay for it; evidence of value being admissible as tending to show the reasonableness and probability of the appellants' contention. The trial court, in its memorandum opinion, found that the whole of the property involved was not worth to exceed ten thousand dollars. It clearly appears from the evidence that the business was operating at a loss, and that the equipment was old. The chief asset was the certificate of convenience and necessity, but the value of this was dependent on the profitableness of the operation. Certainly, if the appellants were to rest their case upon the issue of value, they could not prevail.

█ The appellants contend earnestly that, in any event, the judgment should not be permitted to stand, in so far as it required them to satisfy the outstanding chattel mortgage on the property as a condition to any recovery from the respondent. But to us the provision of the judgment in this respect seems entirely just. The court having found the agreed purchase price of the half interest, free from debt, to be five thousand dollars, certainly the respondent could not justly be asked to pay the balance of the purchase price until the appellants had complied with the conditions of the agreement by conveying to the respondent free from debt. It would seem that, if the judgment failed in anything, it was that it left the respondent without protection; because, having paid the bulk of the purchase price, if the appellants failed to clear the property of the outstanding debt within the four months period, she would suffer a loss to the extent

of the difference between the balance owing on the purchase price and the amount of the chattel mortgage. But since the respondent is not complaining, that question does not concern us.

The judgment is affirmed.

BEALS, C. J., BLAKE, TOLMAN, and HOLCOMB, JJ., concur.